## IN THE SUPERIOR COURT OF GUAM

THE PEYOPLE OF GUAM,                )    CRIMINAL CASE NO.: CF0218-13
                                    )
                                    )
                                    )    **DECISION AND ORDER**
            vs.                     )    **RE. MOTION FOR**
                                    )    **SEVERANCE AND**
RAYMOND TEDTAOTAO,                  )    **SEPARATE TRIAL**
ANTHONY MENDIOLA,                   )
KYLE J. CRUZ,                       )
            Defendants.             )
_____)

This matter came before the Honorable Maria T. Cenzon on July 1, 2013 on Defendant Cruz's Motion for Severance and Separate Trial ("Motion"), which was filed on May 30, 2013. Assistant Attorney General Brian D. Gallagher represented the People of Guam (the "People"). Defendant Kyle Cruz was represented by Attorney John Terlaje. The Court, having considered the Motion and the arguments presented during the hearing of this matter, issues the following written Decision and Order DENYING the Motion.

## BACKGROUND

On May 7, 2013, Defendant Cruz was indicted by a Superior Court Grand Jury of the following charges: (1) Guilt By Complicity to Commit Attempted Murder (As a 1st Degree Felony); (2) First Degree Robbery (As a 1st Degree Felony); Aggravated Assault (As a 2nd Degree Felony); and Burglary (As a 2nd Degree Felony). Indictment, CF0218-13 (5/7/13). Co-defendants Anthony Mendiola and Raymond Tedtaotao are charged with identical crimes; however, Defendant Tedtaotao is additionally charged with Attempted Murder. Defendants Mendiola and Tedtaotao have asserted their right to a speedy trial while Defendant Cruz has waived his right to a speedy trial. The Court initially scheduled the trial to commence on June

26, 2013; however, the court continued the trial for good cause. *See* Decision and Order Re. Motion for Good Cause Continuance of Trial, CF0218-13 (6/25/2013).

Defendant Cruz moved for severance, arguing that "[b]ecause of the breadth of the charges, and the number of defendants, and collective indictment of the co-defendant in general, there is the severe and very real danger that the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of Cruz." Motion, at 2. Defendant Cruz maintains that he is prejudiced because: (1) he has waived speedy trial; (2) his defenses will be antagonistic to those of the co-defendants; (3) his trial strategy will be different from that of the co-defendants; and (4) he will not be able to fully cross-examine the witnesses, specifically, the defendants. *See id.* Although the People did not file a written response, the People oppose the Motion, arguing that granting Defendant Cruz's Motion would cause hardship on the victim, who is currently off-island undergoing medical treatment, as she would have to testify at two separate trials.

## LAW AND ANALYSIS

"Generally, defendants who are charged together should be jointly tried." *United States v. Buena-Lopez*, 987 F.2d 657, 660 (9th Cir. 1993) (citing *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991)). "Joint trials promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* at 660 (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). However, where it appears that a defendant may be prejudiced by a joint trial with other defendants, the Court may grant the defendant a separate trial. *See* 8 G.C.A. § 65.35.[1]

---

[1] Since section 65.35 parallels Rule 14(a) of Federal Rules of Criminal Procedure, this Court will look to federal case law for guidance.

The Court has considerable discretion when ruling on whether to grant a separate trial. *See Parker v. U.S.*, 404 F.2d 1193, 1194 (9th Cir. 1986). The defendant, however, bears the burden to prove "'clear,' 'manifest,' or 'undue' prejudice from a joint trial." *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986) (citing *United States v. Sears*, 663 F.2d 896, 901 (9th Cir. 1981); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "The test is whether joinder was so prejudicial that the trial judge was compelled to exercise his discretion to sever." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (*United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1983); *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975). "Serious consideration must be given to judicial economy." *Polizzi*, 801 F.2d at 1553 (citing *United States v. Kennedy*, 564 F.2d 1329, 1334 (9th Cir. 1977)).

In this case, Defendant Cruz has failed to establish that undue prejudice exists from continuing with a joint trial. It is insufficient to merely state that prejudice exists without providing enough evidence or explanation to support that claim. "The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials." *Polizzi*, 801 F.2d at 1554 (citing *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984)); *see United States v. DeCologero*, 530 F.3d 36, 55 (1st Cir. 2008) (Prejudice must be shown, and "[e]ven where large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement . . . is far less than the involvement of others, we have been reluctant to second guess severance denials.") (quoting *United States v. Boylan*, 898 F.2d 230, 246 (1st Cir. 1990)). Further, it is insufficient to simply assert that Defendant Cruz's defenses will be antagonistic to those of the co-defendants because there must be a showing of "mutual exclusivity." *See Polizzi*, 801 F.2d at 1554.

Defendant Cruz asserts finally that with all of the evidence that the jury would have to consider against multiple defendants and involving several charges that the jury would not be able to attribute the evidence properly to the defendants, possibly resulting in a conviction for Defendant Cruz when the evidence, if presented during a separate trial, would not so warrant. Although this case does involve three defendants, the charges are virtually identical, except for the additional charge against Defendant Tedtaotao for Attempted Murder. Although the parties have not discussed in any detail the length of the trial, the exhibits that will be presented or the witnesses who will testify, the evidence is not anticipated to be so complex and confusing that the jury would be unable to compartmentalize the evidence as it relates to each of the defendants. *See United States v. Guillen-Rivas*, No. 11–cr–857–WFK–5 (WFK)(JMA), 2013 WL 3120194 at \*9 (E.D.N.Y. 2013) (quoting *United States v. Locascio*, 6 F.3d 924, 947 (2nd Cir. 1993) ("even 'joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible.'"). In this case, a limiting instruction at the conclusion of the evidence would be sufficient to cure any risk of prejudice from the presentation of evidence that might not be admissible against or be relevant to Defendant Cruz. *Id.* (citing *Zafiro*, 506 U.S. at 539) ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.") At this time, Defendant Cruz has not shown that there would be any prejudice so great as to deprive him of his right to a fair trial.

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Cruz's Motion for Severance and Separate Trial.

**SO ORDERED** on this 9th day of July, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

